## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

THE UNITED STATES OF AMERICA ex rel.
CHRISTOPHER R. GOBBLE, ET AL.,
    Plaintiffs,

**CIVIL ACTION NO.**
**03-10395 NMG**

v.

*FILED IN CAMERA*
*and  UNDER SEAL*

FOREST LABORATORIES, INC., ET AL.,
    Defendants.

## THIRD AMENDMENT TO COMPLAINT

The Plaintiff/Relator Christopher R. Gobble, by and through his undersigned

counsel, hereby amends his Second Amended Complaint as follows by: adding thereto as

Plaintiffs, ten States whose False Claims Acts ("FCAs") have been enacted since the time

of Relator's last amendment; by adding/ including claims or counts for relief under those

laws; and by amending Paragraph 22 and the Prayers for Relief to conform to these

amendments by including references to the ten added States' FCAs. Set forth below are

the additional ten claims/counts for relief, beginning at the following part of the

Complaint.

## SPECIFIC ACTS OF FEDERAL HEALTH CARE PROGRAM
## FRAUD COMMITTED BY DEFENDANTS

Counts Fifty-Three through Sixty-Two are hereby added to the Relator's Second

Amended Complaint, stating claims for relief under the False Claims Acts of the ten

added State Plaintiffs: Georgia; Indiana; Michigan; New Hampshire; New Jersey; New

Mexico; New York; Oklahoma; Rhode Island; and Wisconsin.

## COUNT FIFTY-THREE

## VIOLATIONS OF THE GEORGIA STATE FALSE MEDICAID CLAIMS ACT
### Article 7B, Chapter 4, Title 49 of the Official Code of Georgia Annotated

272.

Relator restates and realleges the allegations contained in Paragraphs 1 to 79

above as if each were stated herein in their entirety and said allegations are incorporated

herein by reference.

273.

The Georgia State False Medicaid Claims Act, Official Code of Georgia

Annotated, 49-4-168, *et seq.*, specifically provides, in part at 49-4-168.1, that:

(a) Any person who:

(1) Knowingly presents or causes to be presented to the Georgia Medicaid program a false or fraudulent claim for payment or approval;

(2) Knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Georgia Medicaid program;

(3) Conspires to defraud the Georgia Medicaid program by getting a false or fraudulent claim allowed or paid;

(4) Has possession, custody, or control of property or money used, or to be used by the Georgia Medicaid program and, intending to defraud the Georgia Medicaid program or willfully to conceal the property, delivers, or causes to be delivered, less property than the amount for which the person receives a certificate of receipt; and/or

(7) Knowingly makes, uses, or causes to be made or used, a false record or statement to conceal, avoid, or decrease an obligation to pay, repay or transmit money or property to the State of Georgia,

shall be liable to the State of Georgia for a civil penalty of not less than $5,500.00 and not more than $11,000.00 for each false or fraudulent claim, plus three times the amount of damages which the Georgia Medicaid program sustains because of the act of such person.

274.

The Defendants knowingly presented or caused to be presented false or fraudulent claims to Medicaid and the State of Georgia, claims which failed to disclose the material violations of the law, knowingly made, used or caused to be made or used, false statements to get said claims paid by the Medicaid Program, and conspired to defraud the State of Georgia and its Medicaid Program, all in violation of the Georgia FCA, 49-4-168.1(a)(1)-(3).

275.

Defendants knowingly made, used or caused to be made or used a false record or statement to conceal their actions and to avoid or decrease an obligation to pay or transmit money to the state, including without limitation, by failing to alert the state government or to pay the correct rebate amounts to Medicaid, in violation of the Georgia FCA, 49-4-168.1(a)(4) and (7).

276.

In addition, Defendants knowingly presented or caused to be presented to the Medicaid program false and fraudulent claims for payment and approval, and false or fraudulent statements or records, all of which failed to disclose the material violations of the AKA and other laws, and conspired to do so, all in violation of the State FCA.

277.

The State of Georgia paid said claims and has sustained damages, to the extent of its portion of Medicaid losses from Medicaid claims filed in Georgia, and rebates not paid, because of these acts by the Defendants.

3

## COUNT FIFTY-FOUR

## VIOLATIONS OF THE STATE OF INDIANA FALSE CLAIMS AND WHISTLEBLOWER PROTECTION ACT IC 5-11-5.5

278.

Relator restates and realleges the allegations contained in Paragraphs 1-79 above

as if each were stated herein in their entirety and said allegations are incorporated herein

by reference.

279.

The Indiana False Claims and Whistleblower Protection Act, IC 5-11-5.5-2(b)

(2005), specifically provides, in part, that by certain acts a person commits an unlawful

act and shall be liable to the state for civil penalties and three times the amount of

damages that the state sustains because of the act if that person [including]:

> (1) presents a false claim to the state for payment or approval;
> (2) makes or uses a false record or statement to obtain payment or
> approval of a false claims from the state;…
> (6) makes or uses a false record or statement to avoid an obligation to pay
> or transmit property to the state;
> (7) conspires with another person to perform an act described above; or
> (8) causes or induces another person to perform an act described above.

280.

Defendants knowingly violated these provisions of law by presenting or causing

to be presented to the Indiana Medicaid program false and/or fraudulent claims for

payment and approval, claims which failed to disclose the material violations of the law;

knowingly made, used or caused to be made or used a false record or statement to support

such claims and/or to conceal its actions and to avoid or decrease an obligation to pay or

transmit money to the state, including without limitation, by failing to alert the state

4

government or to pay the correct rebate amounts to Medicaid; and conspired to defraud the state Medicaid program, and caused others to violate the Indiana Act, all in violation of  IC 5-11-5.5-2.

281.

In addition, Defendants knowingly presented or caused to be presented to the Medicaid program false and fraudulent claims for payment and approval, and false or fraudulent statements or records, all of which failed to disclose the material violations of the AKA and other laws, and conspired to do so, all in violation of the State FCA.

282.

The State of Indiana paid said claims and has sustained damages, to the extent of its portion of Medicaid losses from Medicaid claims filed in Indiana, and rebates not paid, because of these acts by the Defendants.

## **COUNT FIFTY-FIVE**

## **VIOLATIONS OF THE MICHIGAN MEDICAID FALSE CLAIMS ACT, MI ST Ch. 400**

283.

Relator restates and realleges the allegations contained in Paragraphs 1-79 above as if each were stated herein in their entirety and said allegations are incorporated herein by reference.

284.

The Michigan Medicaid False Claims Act, MI ST Ch. 400, provides, *inter alia*: as follows:

(1) In section 400.603, that "A person shall not knowingly make or cause to be made a false statement or false representation of a material fact in an application for

5

Medicaid benefits... [or] for use in determining rights to a Medicaid benefit." It further provides that "A person, having knowledge of the occurrence of an event affecting ...[the] initial or continued right of any other person on whose behalf he has applied...shall not conceal or fail to disclose that event with intent to obtain a benefit to which the person or any other person is not entitled or in an amount greater than that to which the person or any other person is entitled."

(2) In section 400.606, that "A person shall not enter into an agreement, combination, or conspiracy to defraud the state by obtaining or aiding another to obtain the payment or allowance of a false claim... ."

(3) In section 400.607, that "A person shall not make or present or cause to be made or presented to an employee or officer [of the state] a claim...upon or against the state, knowing the claim to be false... ." and that " A person shall not make or present or cause to be made or presented a claim ...which he or she knows falsely represents that the goods or services for which the claim is made were medically necessary ... ."

(4) In section 400.604, that a person is prohibited from soliciting, offering, making or receiving a kickback or bribe or rebate of any kind.

207.    Under section 400.612, "A person who receives a benefit which the person is not entitled to receive by reason of fraud or making a fraudulent statement or knowingly concealing a material fact shall forfeit and pay to the state a civil penalty equal to the full amount received plus triple the amount of damages suffered by the state as a result of the conduct by the person".

285.

Defendants have violated these provisions of the Michigan FCA and caused

6

damage to the State of Michigan which paid said claims and has sustained damages, to

the extent of its portion of Medicaid losses from Medicaid claims filed in Michigan, and

rebates not paid, because of these acts by the Defendants.

## COUNT FIFTY-SIX

## VIOLATIONS OF THE NEW HAMPSHIRE FCA
### N.H. RSA §§ 167:61-b *et seq.*

286.

Relator restates and realleges the allegations contained in Paragraphs 1- 79 above

as if each were stated herein in their entirety and said allegations are incorporated herein

by reference.

287.

The New Hampshire Medicaid False Claims Act, N.H. RSA §§ 167:61-b *et seq.*

(2005), specifically provides, in part, that by certain acts a person commits an unlawful

act and shall be liable to the state for a civil penalty and three times the amount of

damages that the state sustains because of the act if that person:

> (a) presents, or causes to be presented, to the state a claim for payment
> under the Medicaid program knowing that such claim is false or fraudulent
> claim;
>
> (b) makes, uses or causes to be made or used a record or statement to get a
> false or fraudulent claim under the Medicaid program paid for or approved
> by the state knowing such record or statement is false;
>
> (c) conspires to defraud the state by getting a claim allowed or paid under
> the Medicaid program knowing that such claim is false or fraudulent;
> [and/or]
>
> (e) makes, uses, or causes to be made or used a record or statement to
> conceal, avoid or decrease an obligation to pay or transmit money or
> property to the state, relative to the Medicaid program, knowing that such
> record or statement is false...."

288.

Defendants knowingly violated these provisions of law by presenting or causing

to be presented to the New Hampshire Medicaid program false and/or fraudulent claims

for payment and approval, claims which failed to disclose the material violations of the

law; knowingly made, used or caused to be made or used a false record or statement to

support such claims and/or to conceal their actions and to avoid or decrease an obligation

to pay or transmit money to the state, including without limitation, by failing to alert the

state government or to pay the correct rebate amounts to Medicaid; and they conspired to

defraud the state Medicaid program, all in violation of N.H,. RSA sec. 167:61-b I. (a)-(c)

and (e).

299.

Defendants knowingly presented or caused to be presented to the Medicaid

program false and fraudulent claims for payment and approval, and false or fraudulent

statements or records, all of which failed to disclose the material violations of the AKA

and other laws, and conspired to do so, all in violation of the State FCA.

300.

The State of New Hampshire paid said claims and has sustained damages, to the

extent of its portion of Medicaid losses from Medicaid claims filed in New Hampshire,

and rebates not paid, because of these acts by the Defendants.

## COUNT FIFTY-SEVEN

### VIOLATIONS OF
### THE NEW JERSEY FALSE CLAIMS ACT

301.

Relator restates and realleges the allegations contained in Paragraphs 1 to 79

8

above as if each were stated herein in their entirety and said allegations are incorporated

herein by reference.

302.

The New Jersey False Claims Act specifically provides that, under pain of treble

damages or a maximum and a sum not less than nor more than the civil penalty under the

federal False Claims Act per individual violation, any person who:

(a) Knowingly presents or causes to be presented to the an employee, officer or agent of the State, or to any contractor, grantee or other recipient of State funds, a false claim for payment or approval;
(b) Knowingly makes, uses, or causes to be made or used a false record or statement to get a false claim paid or approved by the State;
(c) Conspires to defraud the State by getting a false claim allowed or paid;
(d) Has possession, custody, or control of public property or money used, or to be used by the State and, knowingly delivers or causes to be delivered less property than the amount for which the person receives a certificate or receipt…or
(g) Knowingly makes, uses, or causes to be made or used, a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the State.

303.

Defendants knowingly violated these provisions of law by presenting or causing

to be presented to the New Jersey Medicaid program false and/or fraudulent claims for

payment and approval, claims which failed to disclose the material violations of the law;

knowingly made, used or caused to be made or used a false record or statement to support

such claims and/or to conceal their actions and to avoid or decrease an obligation to pay

or transmit money to the state, including without limitation, by failing to alert the state

government or to pay the correct rebate amounts to Medicaid; and they conspired to

defraud the state Medicaid program, all in violation of the New Jersey FCA.

304.

Defendants knowingly presented or caused to be presented to the New Jersey

Medicaid program false and fraudulent claims for payment and approval, claims which

failed to disclose the material violations of the AKA and other laws, in violation of the

NJ FCA 3(a) to (d) and (g).

305.

The State of New Jersey paid said claims and has sustained damages, to the extent

of its portion of Medicaid losses from Medicaid claims filed in New Jersey, and rebates

not paid, because of these acts by the Defendants.

## COUNT FIFTY-EIGHT

## VIOLATIONS OF THE NEW MEXICO MEDICAID FCA and NEW MEXICO FRAUD AGAINST TAXPAYERS ACT N.M. LEGIS 49 (2004 and 2007) CHAPTER 4

306.

Relator restates and realleges the allegations contained in Paragraph 1-79 above

as if each were stated herein in their entirety and said allegations are incorporated herein

by reference.

307.

The New Mexico Medicaid False Claims Act, §27-14-1 to §27-14-15, specifically

provides, in part, that by certain acts "a person commits an unlawful act and shall be

liable to the state for three times the amount of damages that the state sustains because of

the act if that person [including]:

§27-14-4A. presents, or causes to be presented, to the state a claim for payment

under the Medicaid program knowing that such claims is false or fraudulent

claim;

B. presents, or causes to be presented, to the state a claim for payment under the

10

Medicaid program knowing that the person receiving a Medicaid benefit or payment is not authorized or is not eligible for a benefit under the Medicaid program;

C. makes, uses or causes to be made or used a record or statement to obtain a false or fraudulent claim under the Medicaid program paid for or approved by the state knowing such record or statement is false;

D. conspires to defraud the state by getting a claim allowed or paid under the Medicaid program knowing that such claim is false or fraudulent; [and/or]

E. makes, uses, or causes to be made or used a record or statement to conceal, avoid or decrease an obligation to pay or transmit money or property to the state, relative to the Medicaid program, knowing that such record or statement is false…."

### 308.

Defendants knowingly violated these provisions of law and the similar provisions of the 2007 New Mexico Fraud Against Taxpayers by presenting or causing to be presented to the New Mexico Medicaid program false and/or fraudulent claims for payment and approval, claims which failed to disclose the material violations of the law; knowingly made, used or caused to be made or used a false record or statement to support such claims and/or to conceal its actions and to avoid or decrease an obligation to pay or transmit money to the state, including without limitation, by failing to alert the state government or to pay the correct rebate amounts to Medicaid; and conspired to defraud the state Medicaid program, all in violation of the New Mexico Medicaid False Claims Act and the New Mexico Fraud Against Taxpayers Act.

309.

Defendants knowingly presented or caused to be presented to the Medicaid

program false and fraudulent claims for payment and approval, and false or fraudulent

statements or records, all of which failed to disclose the material violations of the AKA

and other laws, and conspired to do so, all in violation of the New Mexico FCA.

310.

The State of New Mexico paid said claims and has sustained damages, to the

extent of its portion of Medicaid losses from Medicaid claims filed in New Mexico, and

rebates not paid, because of these acts by the Defendants.

## COUNT FIFTY-NINE

## VIOLATIONS OF THE NEW YORK STATE FCA:
## 2007 NEW YORK LAWS 58, SECTION 39, ARTICLE XIII, §189 (a)

311.

Relator restates and realleges the allegations contained in Paragraphs 1 to 79

above as if each were stated herein in their entirety and said allegations are incorporated

herein by reference.

312.

The New York FCA, provides in relevant part as follows:

§ 189. Liability for certain acts.

1. Subject to the provisions of
subdivision two of this section, any person who:

(a) knowingly presents, or causes to be presented, to any employee,
officer or agent of the state or a local government, a false or fraudu-
lent claim for payment or approval;
(b) knowingly makes, uses, or causes to be made or used, a false
record or statement to get a false or fraudulent claim paid or approved

by the state or a local government;

(c) conspires to defraud the state or a local government by getting a
false or fraudulent claim allowed or paid;

(d) has possession, custody, or control of property or money used, or
to be used, by the state or a local government and, intending to defraud
the state or a local government or willfully to conceal the property or
money, delivers, or causes to be delivered, less property or money than
the amount for which the person receives a certificate or receipt;
(e) is authorized to make or deliver a document certifying receipt of
property used, or to be used, by the state or a local government and,
intending to defraud the state or a local government, makes or delivers
the receipt without completely knowing that the information on the
receipt is true; or

(g) knowingly makes, uses, or causes to be made or used, a false
record or statement to conceal, avoid, or decrease an obligation to pay
or transmit money or property to the state or a local government;

shall be liable: (i) to the state for a civil penalty of not less than
six thousand dollars and not more than twelve thousand dollars, plus
three times the amount of damages which the state sustains because of
the act of that person... .

### 313.

Defendants knowingly violated these provisions of law by presenting or causing

to be presented to the New York Medicaid program false and/or fraudulent claims for

payment and approval, claims which failed to disclose the material violations of the law;

knowingly made, used or caused to be made or used a false record or statement to support

such claims and/or to conceal its actions and to avoid or decrease an obligation to pay or

transmit money to the state, including without limitation, by failing to alert the state

government or to pay the correct rebate amounts to Medicaid, and conspired to defraud

the state Medicaid program, all in violation of the New York FCA.

### 314.

Defendants knowingly presented or caused to be presented to the Medicaid

program false and fraudulent claims for payment and approval, and false or fraudulent

13

statements or records, all of which failed to disclose the material violations of the AKA

and other laws, and conspired to do so, all in violation of the State FCA.

315.

The State of New York paid said claims and has sustained damages, to the extent

of its portion of Medicaid losses from Medicaid claims filed in New York, and rebates

not paid, because of these acts by the Defendants.

## COUNT SIXTY

## VIOLATIONS OF THE OKLAHOMA MEDICAID FALSE CLAIMS ACT 2007 OK. ALS 137

316.

Relator restates and realleges the allegations contained in Paragraphs 1 to 79

above as if each were stated herein in their entirety and said allegations are incorporated

herein by reference.

317.

The Oklahoma Medicaid False Claims Act 2007 OK ALS 137, codified in Title

63, section 5053.1, specifically provides, in part, that:

(a) Any person who:

(1) Knowingly presents, or causes to be presented, to an officer or employee of the State of Oklahoma, a false or fraudulent claim for payment or approval;

(2) Knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the state;

(3) Conspires to defraud the states by getting a false or fraudulent claim allowed or paid;

(4) Has possession custody or control of property or money used, or to be used, by the state and, intending to defraud the state or willfully to conceal the property, delivers, or causes to be delivered, less property than the amount for which the person receives a certificate of receipt...or

(7) Knowingly makes, uses, or causes to be made or used, a false record or

14

statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the state,

is liable to the State of Oklahoma for a civil penalty of not less than $5,000.00 and not more than $10,000.00 unless a penalty is imposed for the act of that person in violation of this subsection under the federal False Claims Act for the same or a prior action, plus three times the amount of damages which the states sustains because of the act of that person.

318.

Defendants knowingly violated these provisions of law by presenting or causing to be presented to the Oklahoma Medicaid program false and/or fraudulent claims for payment and approval, claims which failed to disclose the material violations of the law; knowingly made, used or caused to be made or used a false record or statement to support such claims and/or to conceal its actions and to avoid or decrease an obligation to pay or transmit money to the state, including without limitation, by failing to alert the state government or to pay the correct rebate amounts to Medicaid; and conspired to defraud the state Medicaid program, all in violation of the Oklahoma FCA.

319.

Defendants knowingly presented or caused to be presented to the Oklahoma Medicaid program false and fraudulent claims for payment and approval, claims which failed to disclose the material violations of the AKA and other laws, in violation of the Oklahoma Medicaid False Claims Act sub-sections (B)(1)-(4) and (7).

320.

The State of Oklahoma paid said claims and has sustained damages, to the extent of its portion of Medicaid losses from Medicaid claims filed in Oklahoma, and rebates not paid, because of these acts by the Defendants.

## COUNT SIXTY-ONE

## VIOLATIONS OF
## THE RHODE ISLAND FALSE CLAIMS ACT

321.

Relator restates and realleges the allegations contained in Paragraphs 1 to 79

above as if each were stated herein in their entirety and said allegations are incorporated

herein by reference.

322.

The Rhode Island False Claims Act specifically provides, in part, that:

(a) Any person who:

(1) Knowingly presents, or causes to be presented, to an officer or employee of
the state or a member of the guard a false or fraudulent claim for payment or
approval;
(2) Knowingly makes, uses, or causes to be made or used, a false record or
statement to get a false or fraudulent claim paid or approved by the state;
(3) Conspires to defraud the state by getting a false or fraudulent claim allowed or
paid;
(4) Has possession custody or control of property or money used, or to be used by
the state and, intending to defraud the state or willfully to conceal the property,
delivers, or causes to be delivered, less property than the amount for which the
person receives a certificate of receipt...or
 (7) Knowingly makes, uses, or causes to be made or used, a false record or
statement to conceal, avoid or decrease an obligation to pay or transmit money or
property to the state,

is liable to the state for a civil penalty of not less than $5,000.00 and not more
than $10,000.00, plus three (3) times the amount of damages which the state
sustains because of the act of that person. A person violating this subsection (a)
shall also be liable to the state for the costs of a civil action brought to recover any
such penalty or damages.

323.

Defendants knowingly violated these provisions of law by presenting or causing

to be presented to the Rhode Island Medicaid program false and/or fraudulent claims for

payment and approval, claims which failed to disclose the material violations of the law; knowingly made, used or caused to be made or used a false record or statement to support such claims and/or to conceal its actions and to avoid or decrease an obligation to pay or transmit money to the state, including without limitation, by failing to alert the state government or to pay the correct rebate amounts to Medicaid; and conspired to defraud the state Medicaid program, all in violation of the Rhode Island FCA.

324.

Defendants knowingly presented or caused to be presented to the Medicaid program false and fraudulent claims for payment and approval, and false or fraudulent statements or records, all of which failed to disclose the material violations of the AKA and other laws, and conspired to do so, all in violation of the State FCA.

325.

The State of Rhode Island paid said claims and has sustained damages, to the extent of its portion of Medicaid losses from Medicaid claims filed in Rhode Island, and rebates not paid, because of these acts by the Defendants.

## COUNT SIXTY-TWO

## VIOLATIONS OF THE WISCONSIN FALSE CLAIMS FOR MEDICAL ASSISTANCE ACT, CHAPTER 20 SUBCHAPTER 91

326.

Relator restates and realleges the allegations contained in Paragraphs 1 to 79 above as if each were stated herein in their entirety and said allegations are incorporated herein by reference.

327.

The Wisconsin False Claims for Medical Assistance Act specifically provides, in

17

relevant part at 20.931(2) that, under pain of treble damages and a maximum of $10,000

per individual violation, any person who:

> (a) Knowingly presents or causes to be presented to any officer, employee or
> agent of this state a false claim for medical assistance.
> (b) Knowingly makes, uses, or causes to be made or used a false record or
> statement to obtain approval or payment of a false claim for medical assistance.
> (c) Conspires to defraud this state by obtaining allowance or payment of a false
> claim for medical assistance, or by knowingly making or using, or causing to be
> made or used, a false record or statement to conceal, avoid, or decrease an
> obligation to pay or to transmit money or property to the Medical Assistance
> Program.
> (g) Knowingly makes, uses, or causes to be made or used a false record or
> statement to conceal, avoid or decrease any obligation to pay or transmit money
> or property to the Medical Assistance program.

### 328.

Defendants knowingly violated these provisions of law by presenting or causing

to be presented to the Wisconsin Medicaid program false and/or fraudulent claims for

payment and approval, claims which failed to disclose the material violations of the law;

knowingly made, used or caused to be made or used a false record or statement to support

such claims and/or to conceal its actions and to avoid or decrease an obligation to pay or

transmit money to the state, including without limitation, by failing to alert the state

government or to pay the correct rebate amounts to Medicaid; and conspired to defraud

the state Medicaid program, all in violation of the Wisconsin FCA.

### 329.

Defendants knowingly presented or caused to be presented to the Medicaid

program false and fraudulent claims for payment and approval, and false or fraudulent

statements or records, all of which failed to disclose the material violations of the AKA

and other laws, and conspired to do so, all in violation of the Wisconsin FCA ,

20.931(2)(a)-(c) and (g).

330.

The State of Wisconsin paid said claims and has sustained damages, to the extent of its portion of Medicaid losses from false claims for medical assistance filed in Wisconsin, and rebates not paid, because of these acts by the Defendant.

## PRAYERS FOR RELIEF

Prayers (g) and (i) are hereby amended to include references to the FCAs of the States added as Plaintiffs by this amendment, namely: Georgia; Indiana; Michigan; New Hampshire; New Jersey; New Mexico; New York; Oklahoma; Rhode Island; and Wisconsin.

This 17th day of July, 2008.

Respectfully submitted,

_Marlan B Wilbanks /AM_

Marlan B. Wilbanks
Georgia Bar No. 758223

3414 Peachtree Road, N.E., Suite 1075
Atlanta, Georgia 30326
(404) 842-1075

_Philip S. Marstiller /AM_

Philip S. Marstiller
Virginia State Bar No. 07623

16 South Second Street
Richmond, Virginia 23219
(804) 775-0651

_Suzanne E. Durrell /RMH)_

Suzanne E. Durrell
Massachusetts BBO No. 139280

180 Williams Avenue
Milton, Massachusetts 02186
(617) 333-9681

Attorneys for Relator Christopher R. Gobble

## CERTIFICATE OF SERVICE

On this 17th day of July 2008, I hereby certify that a true copy of the above document will be served upon the following attorneys of record for each government party.

*Suzanne F. Durrell* (RM)

Suzanne E. Durrell

Gregg Shapiro
Assistant United States Attorney
One Courthouse Way, Suite 9200
Boston, MA 02210

The Honorable Edmund G. Brown, Jr.
Attorney General of California
Medical Fraud Unit
1300 I Street, Suite1740
Sacramento, CA 95814

The Honorable Peter Nickles
Acting Corporations Counsel
District of Columbia
441 4th Street NW, Suite 1060 N
Washington, DC 20001

The Honorable Bill McCollum
Attorney General of Florida
The Capitol, PL 01
Tallahassee, FL 32399

The Honorable Lisa Madigan
Attorney General of Illinois
100 W. Randolph Street
Chicago, IL 60601

The Honorable Martha Coakley
Attorney General of Massachusetts
One Ashburton Place
Boston, MA 02108-1698

Sanjay Bhambhani
U.S. Department of Justice
600 D. St. N.W., Room 9222
Washington, DC 20530

Joseph R. Biden, III
Attorney General of Delaware
Carvel State Office Building, 6th Floor
820 N. French Street
Wilmington, DE 19801

Tom Gallagher
Chief Financial Officer
Department of Banking and Finance
101 East Gaines Street
Tallahassee, FL 32399-0350

The Honorable Mark J. Bennett
Attorney General of Hawaii
333 Queen Street, 10th Floor
Honolulu, HI 96813

The Honorable James D. Caldwell
Attorney General of Louisiana
300 Capitol Drive, 22nd Floor
Baton Rouge, LA 70804-9005

The Honorable Catherine Cortez Masto
Attorney General of Nevada
Old Supreme Court Building
100 N. Carson Street
Carson City, NV 89701

Paul Ritzma, General Counsel
New Mexico Human Services Department
2009 South Pacheco Street, Ground Floor
Santa Fe, NM 87504

The Honorable Greg Abbott
Attorney General of Texas
209 W. 14th Street, 8th Floor
Austin, TX 78711-2548

The Honorable Robert E. Cooper, Jr.
Attorney General of Tennessee
425 Fifth Avenue, North
Nashville, TN 37202-0207

The Honorable Robert McDonnell
Attorney General of Virginia
900 East Main Street
Richmond, VA 23219