```
                   UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA,        )
et al,                           )
              Plaintiffs,        )
                                 )
                                 ) CA No. 03-10395-NMG
vs.                              ) CA No. 05-10201-NMG
                                 )
                                 )
FOREST LABORATORIES, INC.,       )
et al                            )
              Defendants.        )
_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
IN RE:  CELEXA AND LEXAPRO       )
MARKETING AND SALES PRACTICE     ) MDL No. 09-02067-NMG
LITIGATION                       )



BEFORE:  THE HONORABLE NATHANIEL M. GORTON



           EXCERPT OF CASE MANAGEMENT HEARING



       John Joseph Moakley United States Courthouse
                     Courtroom No. 4
                    One Courthouse Way
                     Boston, MA 02210
                Thursday, November 19, 2009
                        2:48 p.m.



               Cheryl Dahlstrom, RMR, CRR
                  Official Court Reporter
         John Joseph Moakley United States Courthouse
                One Courthouse Way, Room 3209
                     Boston, MA 02210
         Mechanical Steno - Transcript by Computer
```

```
 1    APPEARANCES:

 2        OFFICE OF THE UNITED STATES ATTORNEY
          By:  Gregg D. Shapiro, Esq.
 3        One Courthouse Way
          Boston, Massachusetts 02210
 4        On behalf of the United States.

 5        Suzanne E. Durrell, Esq.
          180 Williams Avenue
 6        Milton, Massachusetts 02186
          On behalf of Christopher R. Gobble.
 7
          SUGARMAN, ROGERS, BARSHAK & COHEN, P.C.
 8        By:  William F. Benson, Esq.
          101 Merrimac Street
 9        Boston, Massachusetts 02114-4737
          - and -
10        DeBEVOISE & PLIMPTON
          By:  Christopher K. Tahbaz, Esq.,
11             Kristin Kiehn, Esq.,
               Bryan P. Kessler, Esq., and
12             Edwin G. Schallert, Esq.
          919 Third Avenue
13        New York, New York 10022-3902
          On behalf of Forest Laboratories, Inc.
14
          BOISES, SCHILLER & FLEXNER, LLP
15        By:  Robert A. Magnanini, Esq.
          150 John F. Kennedy Parkway
16        Short Hills, New Jersey 07078
          On behalf of Joseph Piacentile.
17
          MURRAY LAW FIRM
18        By:  James R. Dugan, Esq.
          650 Poydras Street
19        Suite 2150
          New Orleans, Louisiana 70130.
20        On behalf of New Mexico UFCW Union's and Employer's
          Health and Welfare Trust Fund and Allied Services Division
21        Welfare Fund.

22        PENDLEY, BAUDIN & COFFIN, LLP
          By:  Christopher Coffin, Esq.
23        24110 Eaden Street
          P.O. Box 71
24        Plaquemine, Louisiana 70765
          On behalf of Anna Murret, Jayne Ehrlich, Martha Palumbo
25        and Peter Palumbo.
```

```
 1    APPEARANCES:  (Cont'd)

 2         KOREIN TILLERY, LLC
           By:  J.D. Horton, Esq., and
 3              Stephen A. Swedlow, Esq.
           205 North Michigan Avenue
 4         Suite 1940
           Chicago, Illinois 60601
 5         On behalf of Universal Care, Inc., Angela Jaeckel, and
           Melvin M. Fullmer.
 6
           HAGENS, BERMAN, SOBOL, SHAPIRO LLP
 7         By:  Thomas M. Sobol, Esq., and
                Lauren Barnes, Esq.
 8         55 Cambridgebrook Parkway
           Cambridge, Massachusetts 02142.
 9         On behalf of the Proposed Plaintiffs' Steering
           Committee.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1                    P R O C E E D I N G S
2           THE CLERK:  This is MDL-2067, In Re:  Celexa and
3    Lexapro Marketing and Sales Practice Litigation; and Forest
4    Labs Matter 05-10201 and 03-10395.  Counsel please identify
5    themselves for the record.
6           MR. SOBOL:  Good afternoon, your Honor.  Thomas Sobol,
7    Hagens, Berman, Sobol, Shapiro, one of the members of the
8    proposed plaintiffs' steering committee.
9           THE COURT:  Good afternoon, Mr. Sobol.
10          MR. SOBOL:  Good afternoon, your Honor.
11          MS. BARNES:  Good afternoon, your Honor.  Lauren
12   Barnes, Hagens, Berman, Sobol, Shapiro.
13          THE COURT:  Miss Barnes.
14          MR. HORTON:  Good afternoon, your Honor.  J.D. Horton,
15   of Korein Tillery, for the plaintiffs.
16          THE COURT:  For the -- for which plaintiff?
17          MR. HORTON:  Plaintiff Universal Care, Inc.
18          THE COURT:  Universal.
19          MR. HORTON:  That's correct.
20          THE COURT:  Okay, Mr. Horton.
21          MR. DUGAN:  Good afternoon, your Honor.  James Dugan
22   with the Murray Law Firm out of New Orleans, Louisiana, on
23   behalf of the New Mexico Fund.
24          THE COURT:  Mr. Dugan, good afternoon.
25          MR. DUGAN:  Good afternoon, your Honor.

1      MR. SWEDLOW:  Good afternoon.  Stephen Swedlow from
2 Korein Tillery, on behalf of Fullmer and Jaeckel and Universal
3 Care, cocounsel with J.D. Horton on that filed case.
4      THE COURT:  So that's on the Universal case, right?
5      MR. SWEDLOW:  Yes.
6      MR. COFFIN:  Good afternoon, your Honor.  Chris Coffin
7 with Pendley, Baudin & Coffin, plaintiffs' counsel on the
8 Palumbo case and also one of the proposed steering committee
9 members.
10      THE COURT:  Mr. Coffin, good afternoon.
11      MR. SHAPIRO:  Your Honor, Gregg Shapiro for the United
12 States in the two Qui Tam matters.
13      THE COURT:  Yes.
14      MS. DURRELL:  Good afternoon, your Honor.  Suzanne
15 Durrell representing Mr. Gobble in the '03 Qui Tam matter.
16      MR. MAGNANINI:  Good afternoon, your Honor.  Paul
17 Magnanini, from Stone & Magnanini, for Relator Doctor Joseph
18 Piacentilli in the '05 Qui Tam matter.
19      THE COURT:  Mr. Magnanini, good afternoon to you.
20      MR. TAHBAZ:  Good afternoon, your Honor.  Christopher
21 Tahbaz, Debevoise & Plimpton, for Forest Laboratories and
22 Forest Pharmaceuticals.
23      MS. KIEHN:  Kristin Kiehn, from Debevoise & Plimpton,
24 for Forest.
25      THE COURT:  Miss Kiehn.

1        MR. SCHALLERT:  Good afternoon, your Honor.  Edwin
2   Schallert on behalf of the defendants in the MDL proceeding.
3        THE COURT:  In the MDL proceeding.  Okay.
4        MR. KESSLER:  Bryan Kessler, Debevoise, on behalf of
5   the defendants in the MDL.
6        MR. BENSON:  Good afternoon, your Honor.  Bill Benson,
7   from Sugarman, Rogers, Barshak and Cohen, for the defendants.
8        THE COURT:  Good afternoon to all, counsel.  We are
9   here, actually, on two separate matters.  And I would like,
10  actually, to start with a report from those involved in the Qui
11  Tam cases as to the status.
12       As I am aware, we had originally scheduled a status
13  conference for after the 90-day period, which is due to expire
14  on November 30th.  But because of this matter, this case
15  management conference, in cases that may or may not be related,
16  I thought that it would be appropriate to hear what the status
17  now is of the progress towards settlement of the Qui Tam cases.
18       MR. SHAPIRO:  Yes, your Honor.  Just a point of
19  clarification, I think the 90-day order was issued on September
20  29th, which puts its expiration at the end of the --
21       THE COURT:  I thought it was September 1st, but I
22  could be wrong.  Maybe I'm a month in advance.
23       MR. SHAPIRO:  In another case I have, the Court did a
24  60-day order, but in this one it was a 90-day order, and I
25  think it expires near the end of the year.

1           For clarification purposes, it would help us to know,
2   was -- are the deadlines that were previously set now off
3   pending a motion --
4           THE COURT:  No, I did not mean to shorten the
5   deadlines.  I just wanted to have an interim status report of
6   what is going on in the Qui Tam cases.
7           MR. SHAPIRO:  We have been negotiating with Forest.
8   It's a complex negotiation that does not just involve the
9   Department of Justice.  And with respect to the Department of
10  Justice, I believe that we are very close to done.  However,
11  our agreement is contingent on other pieces falling into place,
12  and the Department doesn't have direct control over those
13  pieces.  And so I think perhaps Forest can speak better to
14  those.
15          We are optimistic that we can -- from our perspective,
16  we're about done.  Based on what I understand from Forest, I'm
17  optimistic that this can be completed in the next several
18  weeks.  But perhaps Mr. Tahbaz can speak more to that.
19          THE COURT:  All right.  Mr. Tahbaz.
20          MR. TAHBAZ:  Thank you, your Honor.  I would agree
21  with Mr. Shapiro.  We have been working diligently towards
22  completing the documentation of the settlement.  We've made
23  substantial progress towards a federal settlement agreement,
24  agreement with the Department of Justice.  We've exchanged
25  drafts.  We are nearing the completion, I think, of that

1   document.

2           Another one of the pieces is negotiating a model
3   settlement agreement with the National Association of Medicare
4   Fraud Units.  We are on our way to doing that.  Again, we have
5   exchanged drafts.  We're probably a little farther behind, but
6   I think we are getting there.

7           The third piece of this is negotiating a Corporate
8   Integrity Agreement with OIG and Health and Human Services.
9   That process has taken a little bit longer than we anticipated,
10  and OIG has still -- is still not ready to finalize that
11  document.  Some issues have come up which we are trying to work
12  with.

13          All of those pieces need to be resolved before we can
14  put this settlement to bed.  I am confident that we will get
15  through the federal, the DOJ, and the state pieces of this
16  within the next few weeks.  The OIG, I am less certain,
17  although we are speaking and working diligently, and I hope to
18  be there.

19          THE COURT:  When we last met, I understood that the
20  potential stumbling block was the settlement with the states'
21  Attorneys General.  But now that's not the case?

22          MR. TAHBAZ:  We don't believe at this time that the
23  piece with the states is the stumbling block, and I'd have to
24  go back and look at what exactly what we said.  I don't think
25  we meant to convey last time that was a stumbling block, rather

1    that that was --
2             THE COURT:  I maybe misspeak to say the "stumbling
3    block," but that that was something that needed to be resolved
4    before the ultimate resolution.
5             MR. TAHBAZ:  Yes.  And that is in progress, and we
6    think we're making good progress there.  As I said, the OIG
7    piece is lagging a little bit behind.  I don't think because of
8    anyone's fault or dilatory actions.  It's a very complicated
9    document.  There are some other issues that go beyond the
10   parties' immediate settlement negotiations and need to be
11   addressed.
12            THE COURT:  Without committing you to an absolute
13   date, what is your best estimate for the ultimate settlement of
14   these so-called Qui Tam cases?
15            MR. TAHBAZ:  It is, quite frankly, a little hard to
16   say because of OIG.  Where I believe we are is that we will be
17   done with the federal, with the DOJ, and the state piece
18   sometime before Christmas.  Those are both contingent,
19   ultimately, on coming to some sort of an agreement with OIG.  I
20   think, before Christmas, we will know whether -- we will have a
21   good sense of whether that agreement is either -- obviously, if
22   it's finished, we'll know where it is.  If it's not finished,
23   we'll know exactly where it's going by then.
24            THE COURT:  Is it your understanding that Mr. Shapiro
25   is correct and that the deadline was the end of the year and

1   not December 1st?

2        MR. TAHBAZ: My understanding was that we had agreed

3   in court on a deadline of the end -- at the end of November.

4   We had set a status conference, I believe, for December 3rd.

5   That's what we have in our calendars. And then we saw your

6   Honor's settlement order of dismissal which appeared to move

7   that deadline back to the end of December.

8        THE COURT: Okay. All right. Then I think that

9   informs everybody present of the status of that case, and I

10   think that, therefore, the plaintiffs' assistant United States

11   attorney and those representatives of the plaintiffs in the Qui

12   Tam case may be excused from the remainder unless they wish to

13   address the Court. Yes, Mr. Tahbaz.

14        MR. TAHBAZ: I would suggest, just for the sake of

15   good order, if we -- and so that nobody is wondering what's

16   happening the week before the holidays, and perhaps we can

17   schedule a time to come in and meet with your Honor sometime

18   shortly before the holidays just to update your Honor on the

19   status of the settlement.

20        THE COURT: You mean mid-December?

21        MR. TAHBAZ: Mid-December, yes.

22        THE COURT: All right. Let's try to find a date for

23   you that's mutually convenient. Wednesday, the 16th, at 2

24   p.m., is that a good time?

25        MR. SHAPIRO: I'm sorry, your Honor. Earlier that

1  week would work for me but not Wednesday through Friday.
2          THE COURT:  What about the following week, closer to
3  the holiday?
4          MR. SHAPIRO:  Hopefully, we can present you with a
5  signed document.  Any day that week except for the holiday
6  itself is fine with me.
7          MR. MAGNANINI:  That's fine with me, too, your Honor.
8          THE COURT:  Why don't we go to Monday, the 21st.  Any
9  problem with that?  Mr. Tahbaz?
10         MR. TAHBAZ:  Your Honor, that's fine with me.
11         THE COURT:  Monday -- let's get a time.  Why don't we
12 say 11 a.m. on Monday, December 21st, for a further status
13 conference on the Qui Tam cases.  All right.
14         Did you want to address the Court, Miss Durrell?
15         MS. DURRELL:  Yes.  Thank you, your Honor.  I just
16 wanted to clarify one thing for the Court.  Our Qui Tam case
17 also has within it a personal claim against Defendant Forest
18 for, we allege, unlawfully retaliating against Mr. Gobble and
19 his employment.
20         And at this point in time, it appears we're not able
21 to resolve that matter, and so that matter is going to need to
22 go forward either to some sort of mediation, would be a
23 possibility, or, otherwise, we're going to have to go forward
24 and litigate it with discovery and whatnot.
25         I just wanted to bring that to the Court's attention,

1    especially in light of the Court's dismissal order, which I
2    think expires at the end of December.  So perhaps we could
3    address this at the next conference, but I at least wanted to
4    alert your Honor to that fact.
5             THE COURT:  It would be helpful, Miss Durrell, if you
6    would submit something in writing before that hearing as to
7    what you propose; and, obviously, if you can join in that
8    filing with Forest, that would be helpful.  If it -- we would
9    be glad to help you convene mediation, or if there's to be
10   limited discovery on the retaliation claim and we have to get
11   it ready for trial, we'll do that.
12            I think I'd like some guidance from you, hopefully,
13   with the concurrence of the defendant, as to how we should
14   proceed.
15            MS. DURRELL:  That's fine, your Honor.
16            THE COURT:  On or before.  Why don't we say, if you
17   get me that a week before our hearing, by December 14th, that
18   would be helpful.
19            MS. DURRELL:  Thank you very much, your Honor.
20            THE COURT:  Thank you.  Anybody else in that case that
21   needs to be heard?  If not, then those counsel are excused.
22            MR. SHAPIRO:  Thank you, your Honor.
23            MS. DURRELL:  Thank you.
24            MR. MAGNANINI:  Thank you, your Honor.
25   .  .  .  END OF EXCERPT.)

1 C E R T I F I C A T E

4 I certify that the foregoing is a correct transcript
5 of the record of proceedings in the above-entitled matter to
6 the best of my skill and ability.

12 /s/Cheryl Dahlstrom                12/16/2009
13 Cheryl Dahlstrom, RMR, CRR         Dated
14 Official Court Reporter